IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA MARTINEZ,

    Plaintiff,

-vs-                                                                                                                              No. CV 02-1164 LH/LFG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on United States' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 10), filed January 13, 2003; Plaintiff's Motion to Amend Complaint (Docket No. 35), filed May 20, 2003; and Plaintiff Sandra Martinez' Motion to Supplement Her Response to the United States' Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 57), filed August 21, 2003. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion to Amend Complaint is not well taken and will be **denied**, Plaintiff's Motion to Supplement Her Response is well taken in part and will be **granted in part** and **denied in part**, and Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment is well taken and will be **granted**.

## BACKGROUND

In her Complaint for Personal Injury and Money Damages, Plaintiff alleged that she was forcibly raped by Laguna Police Officer David Chavez on November 24, 2001, while he was

transporting her from the Laguna Detention Center to the Cibola County Corrections Center in Milan, N.M. She brought two Counts against the United States, pursuant to the Federal Tort Claims Act ("FTCA"). In Count I she charged negligence resulting in personal injury for unreasonable hiring, supervision, management and training of corrections officers and employees; unreasonable failure to adopt policies and regulations for supervision, care, and transport of female prisoners; and unreasonable failure to oversee Laguna Police and corrections operations. In Count II she claimed intentional assault and battery resulting in personal injury.

The Court granted partial summary judgment to Defendant on Count II in its Order of April 11, 2003. Defendant now moves to dismiss Count I for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56(b), on grounds that the claims are barred by the FTCA's intentional tort exception. *See* 28 U.S.C. § 2680(h). Plaintiff seeks to amend her Complaint to add a count for intentional infliction of emotional distress.

## UNITED STATES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Preliminarily, the Court notes that

> [w]hen reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's references to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is

> dependent on the same statute which provides the substantive claim in the case.
>
> *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)(citations omitted).
>
> . . . .
>
> . . . [T]he focus of the inquiry is not merely on whether the merits and the jurisdictional issue arise under the same statute[, but r]ather, the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.

*Pringle v. United States*, 208 F.3d 1220, 1222-23 (10th Cir. 2000)(citing *Wheeler v. Hurdman*, 825 F.2d 259 (10th Cir. 1987)).

Defendant's Motion has been treated by the parties and will be treated by the Court as one for summary judgment: the jurisdictional and substantive issues in this case are dependent upon the same statutes, 28 U.S.C. §§ 1346(b)(1) and 2680(h), and are inextricably intertwined, requiring resolution of whether Plaintiff's negligence claims arise out of her assault and battery claim. While the United States has waived its sovereign immunity under the FTCA with respect to money damages for

> personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred,

28 U.S.C. § 1346(b)(1), this waiver does not apply to "[a]ny claim arising out of assault [or] battery," unless the acts or omission are those of "investigative or law enforcement officers," 28 U.S.C. § 2680(h). In its earlier ruling the Court dismissed Plaintiff's assault and battery claims because the alleged perpetrator was not an investigative or law enforcement officer. The issue now before the Court is whether Plaintiff's negligence claims in Count I arise out of that assault and battery.

Summary judgment properly may be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The substantive law at issue determines which facts are material, and "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must liberally construe the evidence in favor of the nonmoving party. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1379 (10th Cir. 1994).

Absent its consent, the United States is immune from suit, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hart v. Dep't of Labor*, 116 F.3d 1338, 1339 (10th Cir. 1997)(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted)). As discussed above, the United States has waived its sovereign immunity with respect to tort claims in the FTCA, *see, e.g.*, 28 U.S.C. §§ 1346(b)(1), 2674, subject to significant exceptions and exceptions to the exceptions, *see, e.g., id.* § 2680(h). As a waiver of immunity, the FTCA must be strictly construed. *Hart*, 116 F.3d at 1339.

The United States maintains that this Court lacks subject matter jurisdiction over Plaintiff's negligence claims because they arise out of Chavez's sexual assault and thus are barred by § 2680(h). Citing *Sheridan v. United States*, 487 U.S. 392 (1988), Plaintiff contends that the United States is independently liable for its unreasonable failure to safeguard Plaintiff, to adopt and ensure implementation of policies that would have safeguarded Plaintiff, and to oversee Laguna Detention Center operations.

Plaintiff also seeks leave to supplement her response to Defendant's Motion to include information which she asserts creates issues of material fact regarding the government's independent negligence. This information primarily relates to the Bureau of Indian Affairs ("BIA") Adult Detention Handbook, the provisions of which Plaintiff asserts show that the United States and its agents were negligent in violating BIA policies to implement and adopt mandatory standards for the Laguna Detention Center, in failing to supervise co-ed inmate activities, in failing to adopt policies for supervision of co-ed transportation and activities, and in failing to adequately train employees in standards. Plaintiff also argues that the government's Motion must be denied because her expert, Manuel Romero, has expressed the opinion that the Laguna Detention Center's failure to adopt policies, such as for supervision of co-ed activities, was a contributing cause of the harm to Plaintiff. Plaintiff attempts to further supplement her response to the government's Motion in her reply in support of her Motion to Supplement, through the submission of additional opinions stated by Mr. Romero in his deposition testimony and deposition testimony of Michelle Cochran, Laguna Police Chief.

In its Order of April 11, 2003, the Court noted some confusion regarding discovery in this case. Subsequent discovery has been pursued by the parties, and the Court will grant Plaintiff's Motion to Supplement and, therefore, consider Ex. 1 to her Motion, Plaintiff Sandra Martinez' Supplement to Plaintiff's Response to the United States' Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff's attempt to further supplement her response by means of her reply to Defendant's response to her Motion to Supplement, however, is procedurally deficient and will not be permitted.

In *Hoot v. United States*, the Tenth Circuit adopted the rationale of the plurality opinion in *United States v. Shearer* in analyzing the assault and battery exclusion of 28 U.S.C. § 2680(h): "'[The claimant] cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery, in sweeping language it excludes any claim *arising out of* assault or battery.'" 790 F.2d 836, 838 (1986)(quoting *Shearer*, 473 U.S. 52, 55 (1985))(alteration in *Hoot*, emphasis in *Shearer*). Subsequent to *Shearer* and *Hoot*, however, the Supreme Court

> recognized one category of battery-related cases that falls outside the preclusive compass of § 2680(h). Specifically, when a negligence claim against the government arises out of an incident of battery but is in no way contingent on the perpetrator's federal employment status, i.e., when the government's liability is based on its breach of a duty owed the victim that is independent of its relationship, if any, to the perpetrator, § 2680(h) does not bar recovery under the FTCA. *Sheridan v. United States*, 487 U.S. 392, 400-03 (1988)(government liable for naval corpsmen's negligent execution of assumed responsibility over intoxicated, armed individual encountered in naval hospital, even though latter also happened to be corpsman and plaintiff's injury was result of his intentional tort).

*Franklin v. United States*, 992 F.2d. 1492, 1498 (10th Cir. 1993).

Notwithstanding this "important qualification," the general analysis in *Shearer* "appears to remain the prevailing view," and continues to be this circuit's controlling precedent. *Id.* at 1499 & n.7. Thus, recasting the plaintiff's argument in "*Shearer's* terms," as an ineffective attempt to bring a battery claim of surgery without competent consent as a claim of negligent failure to prevent the battery by not ensuring that competent consent was obtained, the *Franklin* court found the matter before it to fall within the scope of § 2680(h), despite "the distinction drawn in *Sheridan*." 992 F.2d at 1498-99. Not only would the government "have no potential liability if not for the fact that those responsible for the intentionally tortious medical care alleged in the complaint were VA employees[,

6

but i]ndeed, the 'negligent' pre-surgical conduct complained of in the pretrial order is part and parcel of the very battery claim that has implicated § 2680(h) from the outset." *Id.* at 1499. The court also noted that "even after *Sheridan* it is doubtful on our alleged facts whether . . . a claim [for negligent hiring, training, or supervision of the VA personnel involved], which would still ultimately derive from the government's employment relationship to the immediate tortfeasors, would escape the reach of § 2680(h)." *Id.* at 1499 n.6.

Unlike *Sheridan*, the case before this Court is not one "in which the employment status of the assailant has nothing to do with the basis for imposing liability on the Government." 487 U.S. at 402. While it may well be true, as Plaintiff argues, that the government owed an affirmative duty of care to Plaintiff, the issue is whether the breach of that duty - whether the government's liability - is independent of the assailant's employment status. It is not.

It is clear in considering the facts of this case, even including all of Plaintiff's supplemental information, only some of which is even arguably properly before the Court, that any breach of duty owed to Plaintiff by the United States or its agents is dependent upon, not independent of, its relationship to David Chavez. This certainly is true of Plaintiff's claims pertaining to negligent hiring, supervision, management, and training of corrections officers. *See Franklin*, 992 F.2d 1499 n.6; *Vallo v. United States*, 298 F. Supp. 2d 1231, 1247 (D.N.M. 2003). Additionally, as was the case in *Franklin*, the government would have no potential liability here if not for the fact that Plaintiff's assailant was a government employee. *See* 992 F.2d at 1499; *cf. Sheridan*, 487 U.S. 402 ("the employment status of the assailant has nothing to do with the basis for imposing liability on the Government"). Indeed, the breach alleged here and its foreseeable consequences, Chavez's sexual

7

assault of Plaintiff, have everything to do with his employment status, job duties, and state of mind. Thus, Count I of Plaintiff's Complaint states claims arising out of an assault or battery falling within the scope of § 2680(h) and must be dismissed for lack of subject matter jurisdiction.

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff seeks leave to amend her Complaint to include a count for intentional infliction of emotional distress. The United States opposes amendment on grounds of futility and because Plaintiff seeks to add a claim based on facts known to her when she filed her original Complaint.

Subsequent to service of a responsive pleading, absent consent of the adverse party, "a party may amend . . . only by leave of court . . ., and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Whether to grant such leave, however, lies " 'within the discretion of the trial Court,' " and leave to amend may be denied for " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987)(quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321-330 (1971); *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, " ' [w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Las Vegas Ice and Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)(quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). Furthermore, "[u]ntimeliness alone may be a sufficient basis for denial [and] prejudice to the opposing party need not also be shown." *Id.*

In her proposed count for intentional infliction of emotional distress, Plaintiff alleges that "David Chavez' actions were extreme and outrageous," that he "acted intentionally or recklessly," and that "[a]s a direct and proximate result of David Chavez' intentional or reckless commission of extreme and outrageous acts, Plaintiff has and will continue to suffer extreme emotional distress." (Pl.'s Mot. Amend Compl. Ex. A ¶¶ 48-50.) Obviously Plaintiff knew or should have known these allegations at the time she filed her Complaint in this matter, and her Motion to Amend may be denied on this ground.

Additionally, however, as argued by the United States, this amendment would be futile. There is no question that Plaintiff's proposed claim of intentional infliction of emotional distress is based on Chavez's sexual assault and therefore arises out the assault or battery and is barred by § 2680(h). *See Vallo*, 298 F. Supp. 2d at 1233-35 (amendment to bring intentional infliction of emotional distress claim denied as futile as arises out of assault and battery); *Trujillo v. United States*, Civil No. 03-0589 WPJ/LFG, slip. op. at 8-9 (D.N.M. Nov. 14, 2003)(conduct underlying negligent and intentional infliction of emotional distress claims, described as "physical assault," clearly arises out of intentional tort claims and is barred by § 2680(h)); *cf. Truman v. United States*, 26 F.3d 592, 595-96 (5thCir. 1994)(as no allegation that offensive contact directly or indirectly resulted from perpetrator's actions, claim for intentional infliction of emotional distress cannot arise out of battery or assault and is not barred by § 2680(h)); *Sheehan v. United States*, 896 F.2d 1168, 1172-73 (9th Cir. 1990)(holding claim based on conduct constituting intentional infliction of emotional distress not excluded as a matter of law from FTCA by § 2680(h); remanding for determination of whether allegations will permit proof of conduct not within definition of excluded

torts, so as to support claim of injury from intentional infliction of emotional distress independent of injury suffered from excluded conduct).

An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**